The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 18, 2011, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: November 18, 2011**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-21983 |
| | ) | |
| LISA RADFORD, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

Before this Court is the application of the debtor's counsel, Walter V. Landow, for allowance of attorney's fees for services rendered as counsel to the debtor for the period of August 25, 2008, through September 22, 2010, and the debtor's objection. For the reasons that follow, the Court approves the application for allowance of attorney's fees in the amount of $719.25. Attorney Landow is ordered to remit $400.00 directly to the debtor.

---

[1] This opinion is not intended for official publication.

# FINDINGS OF FACT AND PROCEDURAL HISTORY

The findings of fact contained in this memorandum reflect the Court's weighing of the evidence and credibility of witnesses. "In so doing, the Court considered the witnesses' demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language, or nuance of expression." *In re Parrish*, 326 B.R. 708, 711 (Bankr. N.D. Ohio 2005). Even if not specifically mentioned in this decision, the Court has considered the testimony of both witnesses at the evidentiary hearing, as well as all exhibits admitted into evidence and all stipulations.

On March 15, 2007, Lisa Radford, the debtor in the current Chapter 13 case, filed her first bankruptcy petition, Case No. 07-11617. During that case, the debtor was represented by Rauser and Associates. On September 13, 2010, the Court dismissed the debtor's first Chapter 13 case for failure to make plan payments.

On or about September 22, 2010, the debtor met with Attorney Landow to discuss filing a new Chapter 13 case. On that day, she paid $100.00 to Attorney Landow to take the case. On October 6, 2010, the debtor gave Attorney Landow two post-dated checks, each in the amount of $137.00, to cover the filing fee. At that time, she also signed documents (presumably Rights & Responsibilities) in

Attorney Landow's office. The events that transpired from October 6, to December 10, 2010, are disputed in whole or in part, and the Court has only considered those facts that are pertinent to its analysis.

Exhibit 1 was admitted at trial and purports to be the original version of the Rights and Responsibilities. Attorney Landow conceded that, notwithstanding the notation in blue ink on the last page of the Rights and Responsibilities, which provides that the debtor signed the Rights and Responsibilities on "12/10/10," the debtor actually signed that document on October 6, 2010. Exhibit 1 also provides that "the initial fee charged to the debtor, exclusive of court costs, is $2500.00 of which $400.00 was paid before the filing of the Chapter 13, and with the balance of $2100.00 being paid by Chapter 13 Trustee after confirmation of the Chapter 13 plan." The Court notes that the handwritten portion of this statement is also in blue ink and appears to be in the same handwriting as the notation of "12/10/10" on the last page. Attorney Landow also testified that the debtor paid a total of $400.00 toward her balance sometime in late September of 2010. The bankruptcy case was filed on December 10, 2010, and the case number was then written on the Rights and Responsibilities in blue ink.

At the hearing, the debtor made three specific objections to the application for compensation: (1) that due to the procedural posture of her pre-bankruptcy

3

dealings with Attorney Landow, they had agreed to a reduced fee of $400.00, (2) that the documents she signed did not include language indicating her balance due was $2,100.00, and (3) that the Rights and Responsibilities was altered because she did not sign it on December 10, 2010.

CONCLUSIONS OF LAW

Attorney Landow filed a fee application seeking compensation pursuant to 11 U.S.C. § 330, which provides that, after notice and hearing, a court may award "reasonable compensation for actual, necessary services" rendered by professionals and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). With regard to requests for fees, 11 U.S.C. § 329 provides that "if such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment . . . ."

Section 330 further provides that, in determining the amount of reasonable compensation to be awarded to a professional person, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors . . . ." 11 U.S.C. § 330(a)(3). In calculating the reasonable fees to be awarded under 11 U.S.C. § 330, this Court uses the lodestar method. *See In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991) (adopting lodestar method of fee

4

10-21983-aih    Doc 55    FILED 11/18/11    ENTERED 11/18/11 13:49:40    Page 4 of 6

calculation for bankruptcy cases). The lodestar amount "is calculated by 'multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended.'" *In re Boddy*, 950 F.2d at 337, *quoting Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990).

In this case, the debtor raises several objections to her counsel's fee application. At the heart of her argument is the assertion that she did not sign the Rights and Responsibilities that was admitted into evidence. The Court finds that the debtor's objection is well-founded, primarily because of Attorney Landow's concession that the date on the Rights and Responsibilities was not the date that the document was actually signed. This conclusion is supported by Exhibit 1, which appears to have been prepared, at least in part, after the debtor signed it. This fact alone casts doubt on whether the debtor had agreed to the amount of fees outlined in the Rights and Responsibilities. It also shows that Attorney Landow most likely failed to comply with 11 U.S.C. § 528 because he did not furnish to the debtor, within 5 business days after he began to provide services, a written contract outlining, among other things, the fees and charges for his services.

The Rights and Responsibilities provides that Attorney Landow charges an hourly rate of $200.00, and the fee application shows that he provided 7.4 hours of service to the debtor. Using these numbers, the reasonable lodestar amount would

5

be $1,480.00. However, due to his failure to effectively communicate the fee for his services and noncompliance with § 528, the Court finds a reduction in fees appropriate. Attorney Landow assisted the debtor in successfully confirming a plan, and the debtor admitted that she owes her attorney the reasonable value of his services. It is for these reasons that Attorney Landow's fee application is approved in part. Having considered the nature, extent, and value of Attorney Landow's services, this Court finds total fees in the amount of $719.25 to be reasonable. Because Attorney Landow has already received $1,119.25, which includes the $400.00 the debtor paid before her bankruptcy filing, Attorney Landow is ordered to remit $400.00 directly to the debtor.

## CONCLUSION

For the reasons stated above, the Court approves the application in the amount of $719.25, and orders Attorney Landow to remit $400.00 directly to the debtor. The Chapter 13 Trustee shall make no further distribution to Attorney Landow.

IT IS SO ORDERED

6

10-21983-aih    Doc 55    FILED 11/18/11    ENTERED 11/18/11 13:49:40    Page 6 of 6